UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
AUG 0 8 2007

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JAMES I. DALE, | \* | CIV 07-4003 |
| Plaintiff, | \* | |
| vs. | \* | |
| J.P. SYVERSON; JOHN/JANE DOE, Health Services Staff; DOUGLAS WEBER, all in both individual and official capacities, | \* | MEMORANDUM OPINION AND ORDER |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 22. Defendants filed a brief in opposition to the motion with supporting affidavits. Plaintiff filed a reply brief. For the reasons set forth below, the motion will be denied.

Plaintiff is an inmate at the South Dakota State Penitentiary ("SDSP"). He claims he is being fed less than 2,300 calories per day on a kosher diet, which he claims is insufficient to maintain his health. He also claims he is being denied treatment for hypoglycemia. Plaintiff seeks a preliminary injunction requiring the Defendants to feed him an average of 2,700 calories per day in order to maintain his health. He also seeks a preliminary injunction requiring Defendants to provide him medical treatment for hypoglycemia.

Defendant J.P. Syverson is a SDSP employee who is responsible for arranging medical appointments for SDSP inmates. Defendant Douglas Weber is the Warden of the SDSP.

In his motion, Plaintiff contends he has a serious medical need and if he does not receive enough daily calories to sustain a normal blood sugar level and does not receive treatment for

hypoglycemia he could slip into a coma or die. He contends he needs at least 2,700 calories per day to maintain a normal blood sugar level.

"Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (en banc). The Eighth Circuit held that "'the failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction.'" *Adam-Mellang v. Apartment Search, Inc.*, 96 F.3d 297, 299 (8th Cir. 1996) (quoting *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987)). Moreover, "in the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

Although Plaintiff contends he could slip into a coma or die if he does not receive at least 2,700 calories per day, there is no medical evidence in the record to support this contention. He does not allege that when he has experienced low blood sugar levels he has been denied assistance or treatment by SDSP Health Services. Rather, when Plaintiff has experienced low blood sugar levels he has been advised by SDSP Health Services to eat or he has been provided a snack. After Plaintiff eats some food his blood sugar levels are raised to normal levels. Thus, Plaintiff is not in need of any type of prescription medication to raise his blood sugar levels. Defendants introduced evidence showing that Plaintiff has been tested for both hypoglycemia and diabetes and the results were negative. Defendants also introduced evidence through an affidavit from a degreed dietician that Plaintiff is receiving in excess of 2,700 calories per day in a nutritionally adequate diet.

One medical condition that Plaintiff has been diagnosed with is Hepatitis C. He does not, however, explain what type of preliminary relief should be granted regarding his treatment for

2

Hepatitis C. Defendants introduced evidence to show that Plaintiff's Hepatitis C condition is being monitored by the medical staff and this condition is currently stable requiring no medical treatment at this time. Plaintiff has introduced no contrary medical evidence.

Failure to establish irreparable harm is a sufficient ground upon which to deny a preliminary injunction. *See Adam-Mellang*, 96 F.3d at 299. On the record before the Court, Plaintiff has failed to establish irreparable harm and his motion will be denied. Accordingly,

IT IS ORDERED

1. That Plaintiff's Motion for Surreply Brief, Doc. 48, is granted and was considered by the Court in ruling on the motion for preliminary relief.

2. That Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, Doc. 22, is denied.

Dated this _____ day of August, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Court

ATTEST:
JOSEPH HAAS, CLERK
BY:_____
                DEPUTY

3